# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**MICHAEL AND MAUREEN MACDONALD,**<br><br>       **Debtor**s | Chapter 7<br>Case No. 06-13152-RS |

### MEMORANDUM OF DECISION ON SANCTIONS

On October 10, 2006, this Court entered an order to show cause why sanctions should not enter against Attorney Daniel Gindes for failure to serve the Court's Reinstatement Order on all creditors and parties in interest and to file a certificate of such service, as required by the Reinstatement Order. In his response, Attorney Gindes states that he simply failed to notice the portion of the Reinstatement Order that required that he serve the Reinstatement Order on all creditors.

**Facts**

The relevant facts are as follows. On September 12, 2006, Attorney Gindes filed a Chapter 7 petition for the Debtors in this case and, with the petition, filed a Statement of Social Security Numbers ("Statement"). The Statement he filed, however, was for another case; it did not pertain to the Debtors in this case. Accordingly, on September 13, 2006, the Court entered an order alerting counsel to the error, requiring that he correct it within two business days of the notice, and notifying him that failure to correct the error would result in dismissal of the case without further notice. On September 29, 2006, though counsel had been afforded considerable time to address the issue and even a courtesy call by the case administrator, no corrected Statement of Social Security Number had been filed, and the Court dismissed the case.

Within seventy-five minutes of entry of the order of dismissal, counsel filed a corrected Statement of Social Security Number and a motion to vacate the order of dismissal. On October 2, 2006 (the next business day), the Court allowed the motion to vacate. By this time, notice had already gone out to all creditors that the case had been dismissed. Therefore, the vacatur order was crafted to put creditors on notice that the case had been reinstated, that the first meeting of creditors would be held as had originally been scheduled (it was scheduled for October 10), and that the deadlines for filing complaints objecting to discharge and to determine the dischargeability of certain debts would continue to be the original deadline. Lastly, the order also stated: "Debtors' counsel, Daniel Gindes, shall immediately serve this order on all creditors and parties in interest and file a certificate of such service."

On October 10, 2006, the certificate of service required by this last provision had not been filed, and the Court therefore entered its order to show cause why Attorney Gindes should not be sanctioned for failure to file it. He responded on October 18, stating (by way of excuse) that he simply had failed to notice the portion of the Reinstatement Order that required that he serve the Order on all creditors. He filed the certificate of service as to the order of reinstatement that same day, showing that service of the order of reinstatement had been made only on October 18.

**Discussion**

Counsel's filing of an incorrect statement of social security number was a clerical error which the Court pointed out and afforded counsel an opportunity to correct. He did not correct the error within two business days, as required by the Court's order. Nor did he correct it within two weeks. He failed even to respond to the courtesy call made in a final attempt to avert a

2

needless dismissal.  Upon dismissal of the case, he was able to file the correct Statement of Social Security Number within 75 minutes.  Still, when the Court promptly reinstated the case (to his great relief, he states), he nonetheless failed to make immediate service of the order of reinstatement, as he had been ordered.  He states that he did not even notice the order requiring such service.  Moreover, when he received the order to show cause on October 10, which order pointed out this failing, he still did not serve the order to show cause on all creditors for another eight days.

Counsel is not paying attention.  He responds to nothing less than an order of dismissal or a threat of sanctions.  Even his relief that the case had been reinstated did not prompt him to read the entire order of reinstatement.  In his defense, counsel states that he is involved in many cases, and sometimes the pace is so fast that he misses something.  The Court agrees that "missing something" occasionally is understandable.  Repeated failures to attend to corrective orders, however, are neither understandable nor excusable.  Counsel's failure to act upon orders timely is costly and time-consuming to the Court, prejudicial and confusing to creditors, and potentially disastrous for his clients.

Counsel has shown no cause why sanctions should not enter.  A separate order shall enter requiring payment of a sanction in the amount of $250.00 to the Clerk of the Bankruptcy Court.

Date: October 25, 2006

                                           _/s/ Robert Somma_____
                                               Robert Somma
                                               United States Bankruptcy Judge

cc:  Attorney Daniel Gindes
     Chapter 7 Trustee
     Debtors